## ADDIE M. BACON, Plff.,

### *v.*

## CHARLES H. MARKS, Dft.

---

San Juan, Law, No. 1127.

ON OBJECTION TO DOCUMENT OFFERED IN EVIDENCE.

Action of Unlawful Detainer—Action of Ejectment.
1. The action of unlawful detainer is employed to recover prop-

Bacon v. Marks.

erty in the wrongful possession of another, and is not concerned with the question of title, while in the action of ejectment the question of title is the principal issue.

**Action of Unlawful Detainer—Action of Ejectment—*Res Judicata.***

2. A decision in an action of unlawful detainer, being a special proceeding, is not a bar to an action of ejectment which is a regular proceeding.

Opinion filed May 10, 1916.

_____

*F. H. Dexter* for plaintiff.

*O. M. Wood* for defendant.

HAMILTON, Judge, delivered the following opinion:

A document is offered showing a proceeding in the district court which incidentally sets out what was done in the municipal court in a suit of *desahucio,* as it seems to call it. This came up under what is sometimes spoken of as a special proceeding. It is not in the general law as to special proceedings of March 9, 1905, that is to say, the long law on that subject, but another law of that same date, headed "Unlawful Detainer," found in the Compilation on page 315, § 1625. This says that a suit of unlawful detainer shall lie against tenants, settlers, and other lessees of property, and against the administrators, agents, etc., or any other person who retains the material possession thereof or enjoys the same by sufferance, without paying any rental or other consideration. Then it goes on and describes the procedure. The procedure seems to be largely Spanish. At all events, the point is that the jurisdiction is limited to

those who are in the possession or enjoying the property by sufferance without paying any rental. There is no question that in ejectment there may be a plea and proof of *res judicata,* if it has been decided by another court, whether state or Federal. The only question is as to what is the same case. The Supreme Court of Porto Rico has said that such "a special proceeding" of this nature of *desahucio,* which is the very subject discussed, is not *res judicata* in a regular suit. That is not peculiar to the Supreme Court of Porto Rico. It seems to be the rule pretty much everywhere. It was so held in Robinson v. Allison, 97 Ala. 596, 12 So. 382, 604. What is commonly called unlawful detainer was originally designed to recover possession of property which by force or fraud has been taken away from one. It does not involve title, but simply involves a matter of wrongful possession, that and no more. That issue is not the same as ejectment. In ejectment anything can come up that pertains to title. It is true possession may be an issue, but the title is the principal thing. The Supreme Court of Porto Rico in the case cited of Banco Territorial y Agricola v. Arvelo, 7 P. R. R. 551, was passing upon unlawful detainer as connected with, or as opposed to, a regular suit, apparently for debt. The opposing suit was in ejectment, but the principle seems to be the same. A proceeding for a special purpose, as to which it might be a question whether this court has jurisdiction, by itself is not an adjudication of the issue in ejectment. I do not see any way out of it. It looks to me as if this is so on authority, and it is so on principle.

I have this difficulty in this particular case. The *desahucio* was based upon possession. This particular complaint sues for possession, and says that the defendant unlawfully entered

upon the possession of the said parcels of real estate and deprived the plaintiff of the use and enjoyment thereof, and has interfered with the proper use and occupation thereof continuously, and, although possession has been demanded, defendant has wrongfully and unlawfully refused to surrender the same, wherefore the plaintiff prays judgment for the possession of said land. So that, while this is in ejectment, it does seem to be for possession, and possession was the question in the *desahucio* also. That makes the matter a little more complicated, but it seems to me that the decision of the Supreme Court in the Banco Territorial Case applies, this being a regular proceeding and the *desahucio* being an irregular proceeding, as we might call it, a special proceeding. Such special proceeding in the lower court or municipal court will not be a bar to a suit in ejectment in the district court, whether of the United States or of Porto Rico.

It is moreover in a suit which is practically a common-law suit, and the same effect would follow, that is to say, a judgment in unlawful detainer is not *res judicata* of a suit for the same property when the matter is brought up in ejectment. In Alabama (as in Robinson v. Allison, *supra*) it is to be remembered that ejectment may follow the old common-law forms; and even when it follows a code form, this code form is based upon common-law principles. The objection to the document as showing *res judicata* must be sustained.